Filed 1/26/15  P. v. Moreno CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>      v.<br><br>RUDY ANTHONY MORENO,<br><br>    Defendant and Appellant. | G050287<br><br>(Super. Ct. No. FSB1103961)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of San Bernardino County, Annemaire G. Pace, Judge.  Affirmed.

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Andrew Mestman and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

A jury convicted defendant Rudy Anthony Moreno of first degree burglary, count 1 (Pen. Code, § 459; all further statutory references are to this code) and attempted first degree burglary, count 2 (§§ 664, 459). In a bifurcated proceeding, the trial court found defendant had two prior convictions qualifying as "strikes" (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), one serious felony conviction (§ 667, subd. (a)(1)), and three prior prison terms (§ 667.5, subd. (b)). The trial court sentenced defendant to 25 years to life on count 1 plus seven years on the enhancements.

In his appeal, defendant contends the court erred by excluding evidence of alleged third party culpability and in permitting a fingerprint expert to testify about the movement and force used in connection with a palm print. We conclude the court did not err and affirm the judgment.

FACTS

Defendant occupied an apartment in a large apartment complex. His unit was below the one occupied by Elena Leaich. The two encountered each other from time to time. As Leaich was leaving for a weekend, carrying a bag, she noticed defendant, who asked if she would be gone for the weekend. Leaich confirmed she would be.

Before Leaich left on her trip, she closed and locked the windows and doors of her apartment. When she returned after midnight a few days later, she found the front door slightly ajar, her kitchen window open with its screen missing. Her apartment had been ransacked. Her television, her stereo, and food from her freezer were missing.

Leaich called the police; Officer Jason Betts responded. Betts noticed the front door was damaged, the kitchen window, next to the front door, was ajar, and its screen was missing. He noticed a palm print on the window and concluded this was where the burglar entered the apartment.

2

April Crichton, a forensic specialist, obtained two latent prints from the outside side of the kitchen window and a latent print from the blinds inside that window. The Automated Fingerprint Identification System returned a positive match on one of the prints for defendant. Fingerprint examiner Amanda Haleman testified the palm print demonstrated that upward, forceful pressure had been applied to the window. The prints must have been made after the screen was no longer in place.

DISCUSSION

*1. The trial court did not err in excluding alleged third party culpability evidence.*

There were two other burglaries at the apartment complex. Four months before the instant burglary, and before defendant resided in the complex, a laundry room was burglarized. Three months after the instant burglary, and after defendant's arrest, another apartment was entered through a broken bedroom window. Although defendant's counsel acknowledged the laundry room break in might not meet the criteria for third party culpability, he urged the evidence of the second burglary be admitted to provide evidence of third party culpability. The trial court ruled, "If there were a string of similar burglaries at or around the same time in this complex I would agree that, that would be relevant. But this is one separate isolated incident months after this burglary. Neither burglary is unique in any real respect and they're not super similar to each other given the different methods of entry. [¶] So based on the state of the law I do not find that this is relevant to the jury's determination in this case. And so I'm going to exclude any evidence by the defense regarding those other two incidents."

Defendant argues the court erred in denying admission of this evidence. We disagree.

Although defendant argues, in part, that the denial of admission was error under Evidence Code section 352, the trial court did not exclude the evidence under the weighing process required by that section. The court excluded the evidence because it found the evidence to be irrelevant. We review such a denial for abuse of discretion. (*People v. Brady* (2010) 50 Cal.4th 547, 558; *People v. Prince* (2007) 40 Cal.4th 1179, 1242.)

No attempt was made to identify the burglars involved in the two other burglaries and the details provided by defense counsel were sparse. Counsel stated, "There are two unrelated burglaries that occurred in the apartment complex in question. One before. The one before was from the apartment complex laundry room. And then after the burglary in question there was another burglary in the complex where [defendant] lived after [defendant] was in custody on this case."

The court interrupted: "And my understanding is that the laundry room he was not living there at that time?"

Counsel continued: "That is correct. It was my hope and request to seek to admit both of those. However, as an officer of the court I think I am required to be candid and in all [due] candor I am aware of the case[]law and the rules regarding third party culpability. And I cannot say that the incident regarding the laundry room, of course I would like to have it in, but I cannot credibly argue to the court that, that would necessary come within the purview of the third party culpability in terms of my understanding of the law. Regarding the incident after, I think there is a stronger nexus because it was an apartment and I believe the mode of entry was a door - - window - - which makes it even more similar."

At this point in the discussion, defense counsel acknowledged having received a police report from the prosecutor. Presumably this report pertained to either one or both of the burglaries being discussed. But the record does not contain such a report.

4

In response, the prosecutor referred to the second burglary and stated "[i]t was a broken bedroom window entry. It was not through a kitchen window. There was no - - the window was actually broken and that's how the burglary entry was accomplished."

With respect to the laundry room burglary, we do not even know if the room was locked or whether entry was forced. It bears no resemblance to the subject burglary and we appreciate defense counsel's candor in acknowledging the court should not even consider this burglary. We therefore reject defendant's argument in this appeal that counsel's concession constitutes ineffective assistance of counsel.

The mere fact there was another burglary in a complex containing 328 units some months after the subject burglary is too remote and too uncertain to be relevant. As pointed out by the prosecutor, even the mode of entry differed. In the instant burglary, the entry was achieved by sliding a kitchen window open; in the later burglary, a bedroom window was broken to gain entry. There is nothing in the record to indicate the identity of the person who committed the later burglary. In *People v. Sandoval* (1992) 4 Cal.4th 155, 176, our Supreme Court stated "[a] criminal defendant has a right to present evidence of third party culpability if it is capable of raising a reasonable doubt about his own guilt. This rule does 'not require that any evidence, however remote, must be admitted to show a third party's possible culpability.'" (*Ibid.*) In an apartment complex of this size, it is unfortunately not unusual that two burglaries took place within several months of each other. But without further specific similarity between the methods used, we cannot conclude the trial court abused its discretion in deciding evidence of the later burglary was not relevant.

2. *The court did not err in admitting evidence of the fingerprint expert.*

Haleman testified about the procedure she used to match one latent palm print to defendant's known palm print. She then testified to the pressure applied and the

5

upward movement of defendant's palm. She based this on "large white marks going in an upward direction." This, in turn, explained how the window was opened.

Defendant objected on grounds of speculation and lack of foundation. He now argues to the same effect that "Haleman lacked qualification as an expert on movement and force underlying fingerprint impressions, and admission of [this] evidence constituted an abuse of discretion."

Haleman had been employed as a fingerprint examiner for seven years. She had received 400 hours of formal training in fingerprint analysis, classification, and identification. She had received approximately 10 months of on-the-job training in these same areas. In addition, she received training from the Department of Justice and San Bernardino Valley College. She had testified as an expert in approximately 15 prior cases. To argue she could testify about fingerprints but not about palm prints draws too narrow a line around the expert's area of expertise. Similarly, testimony of force left by a fingerprint or palm impression or movement demonstrated by the impression would seem to be well within the area of her expertise.

"Where a witness has disclosed sufficient knowledge of the subject to entitle his opinion to go to the jury, the question of the degree of his knowledge goes more to the weight of the evidence than its admissibility." (*Seneris v. Haas* (1955) 45 Cal.2d 811, 833.) And, as noted by the Attorney General, *People v. Bolin* (1998) 18 Cal.4th 297 held "[t]he trial court's determination of whether a witness qualifies as an expert is a matter of discretion and will not be disturbed absent a showing of manifest abuse. [Citations.]" (*Id.* at pp. 321-322.) The trial court did not abuse its discretion in permitting the testimony of the fingerprint expert.

6

DISPOSITION

The judgment is affirmed.

                                        RYLAARSDAM, ACTING P. J.

WE CONCUR:


BEDSWORTH, J.


ARONSON, J.